IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BOBBY ROBINSON                                                    PLAINTIFF

v.                                           CIVIL ACTION NO.: 4:11cv18-DPJ-LRA

DENBURY ONSHORE, LLC, et al.                                    DEFENDANTS

ORDER

This premises-liability case is before the Court on Defendants' Motion for Summary

Judgment on Punitive Damages Claims [93] and Defendant Denbury Operating Company's

Motion for Summary Judgment [95].  The Court, having considered the submissions of the

parties and the applicable law, concludes that the Motion for Summary Judgment on Punitive

Damages Claims should be denied and Denbury Operating Company's Motion for Summary

Judgment should be granted.

I.       Facts and Procedural History

This case arises from a July 9, 2010, oil fire at the West Nancy Tank Battery in Vossburg,

Mississippi, which was owned and operated by Denbury Onshore, LLC.  Plaintiff Bobby

Robinson was a vacuum truck driver employed by Logan Oil Field Services, LLC, to transport

saltwater stored at the tank battery to a drilling site nearby.  Compl. [1] ¶¶ 10, 15.  The fire

started when Robinson flipped a switch on an electrical starter panel in the vicinity of an active

oil spill.  Defs.' Mem. [94] Ex. B, Robinson Dep. 81–83, 93, 97.  Robinson sustained burns to

his feet and legs.  Compl. [1] ¶ 18.

Following an investigation, OSHA issued a citation to Defendant Denbury Onshore, LLC

for a "[s]erious" violation of 29 C.F.R. § 1910.307(c), which provides that electrical equipment

in "hazardous (classified) locations" be intrinsically safe, approved for the hazardous (classified)

location, or safe for the hazardous (classified) location. OSHA concluded that the subject electrical starter panel "was not approved for a Class 1, Division 2 location," and was "not intrinsically safe" and fined Denbury $2,250. Pl.'s Mem. [103] Ex. C, OSHA Citation at 1, 6.

Robinson filed this lawsuit on February 3, 2011, alleging claims for negligence and gross negligence and seeking compensatory and punitive damages against Denbury Onshore, LLC and Denbury Operating Company—the sole member of Denbury Onshore, LLC. Denbury Operating Company now seeks summary judgment arguing that it did not own, occupy, or control the premises. In addition, all Defendants seek summary judgment on Plaintiff's punitive damages claim. The Court has personal and subject matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have

submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir. 1994). When such contradictory facts exist, the court may "not make credibility

determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic

arguments have never constituted an adequate substitute for specific facts showing a genuine

issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC

v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

III.    Analysis

    A.    Denbury Operating Company's Motion for Summary Judgment [95]

    Under Mississippi law, a premises-liability plaintiff has the burden of establishing, "as a

preliminary matter, . . . that the defendant had occupation or possession and control" of the

premises. *Brookhaven Funeral Home, Inc. v. Hill*, 820 So. 2d 3, 6 (Miss. Ct. App. 2002)

(Southwick, J.) (citing *Wilson v. Allday*, 487 So. 2d 793, 796 (Miss. 1986)). Here, the record

evidence is somewhat contradictory as to which of Movant Denbury Operating Company's

affiliated entities owned, occupied, and/or operated the tank battery, but no evidence suggests

that Movant Denbury Operating Company did so. Thus, Robinson has pointed to no "specific

facts showing that there is a genuine issue for trial" as to this threshold issue. *Celotex Corp.*, 477

U.S. at 324.

    Lacking evidence that the Movant owned, occupied, or controlled the premises, Robinson

observes that Denbury Operating Company is the sole member of Denbury Onshore, LLC, which

did own and occupy the premises. But Robinson never explores the "difficult task" of piercing

the corporate veil under controlling Delaware law.[1]  *See Wallace v. Wood*, 752 A.2d 1175, 1185

(Del. Ch. 1999).  Denbury Operating Company is entitled to summary judgment.

*Celotex Corp.*, 477 U.S. at 322.

B.      Defendants' Motion for Summary Judgment on Punitive Damages Claims [93]

Defendants seek summary judgment on Robinson's claim for punitive damages, arguing

that their alleged conduct falls short of what is required for such an award.  "Punitive damages

may not be awarded if the claimant does not prove by clear and convincing evidence that the

defendant against whom punitive damages are sought acted with actual malice, gross negligence

which evidences a willful, wanton or reckless disregard for the safety of others, or committed

actual fraud."  Miss. Code Ann. § 11-1-65(1)(a).  The Court is mindful of Robinson's heavy

burden in this regard.  And while Robinson may not ultimately satisfy this burden, the Court will

decide whether punitive damages should be presented to the jury following a bifurcated

proceeding on the issue of compensatory damages.  *See* Miss. Code Ann. § 11-1-65(1)(b)-(c).

IV.     Conclusion

For the foregoing reasons, Defendant Denbury Operating Company's Motion for

Summary Judgment [95] is GRANTED, and Defendants' Motion for Summary Judgment on

Punitive Damages Claims [93] is DENIED.[2]

---

[1]*See* Miss. Code Ann. § 79-29-1001 ("[T]he laws of the state or country or other jurisdiction under which a foreign limited liability company is organized govern . . . the liability of its members."); Compl. [1] ¶ 2 (alleging that Denbury Onshore, LLC, is a Delaware LLC with its principal place of business in Texas).

[2]Two motions remain.  Plaintiff's spoilation motion [82] seeks an adverse inference instruction and will be addressed at the charge conference based on a more complete record. Defendants' motion to exclude, in part, the expert testimony of Charles Dennis, Ph.D., [96] will be discussed at the pretrial conference.

4

**SO ORDERED AND ADJUDGED** this the 22nd day of May, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE